**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JODI L. HUFFMAN,** | CASE NO. 3:24 CV 1904 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Currently pending before the Court is the Government's Motion to Dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Motion for Summary Judgment. (Docs. 16, 16-1). Plaintiff Jodi L. Huffman opposes. (Doc. 17, 17-1, 19). The Government replies. (Doc. 18, 20). Because jurisdiction is not proper under 28 U.S.C. § 1346(a)(1), the Government's Motion to Dismiss is granted, and its alternative Motion for Summary Judgment is denied as moot.

## BACKGROUND

Plaintiff brings this federal tax refund suit arising from a 2015 tax liability assessed against her and Jeremiah D. Wyse based on a joint return filed in their names. (Doc. 1). Specifically, she seeks $14,948 in refunds for 2017, 2018, and 2020 through 2023, which the IRS applied to the outstanding 2015 liability rather than issuing them to her. *Id.* at 3-4; Doc. 16-2 at 1-3. Plaintiff alleges the 2015 joint return was fraudulently filed. (Doc. 1 at 2; Doc. 17-1 at 7). Plaintiff testified she told her then-boyfriend Jeremiah D. Wyse, "since we live with you and you were taking care of us . . . if it was any help" he could "claim [Plaintiff and her daughter] as dependents," on his

2015 tax return. (Plaintiff Depo., Doc. 16-14, at 12).[1] Wyse and Plaintiff were never married, but at the time Wyse and her parents supported her financially. *Id.* at 9, 12; Wyse Depo., Doc. 16-5, at 12. Robert Chrismer, an accountant, filed the return on behalf of Plaintiff and Wyse as "married filing jointly (even if only one had income);" the return claimed Plaintiff's daughter as a dependent. (Doc. 16-6, at 1, 9). The joint filing resulted in a balance owed to the IRS. *Id.* at 2, 8. The tax packet prepared by Chrismer included an unsigned Form 8879, IRS e-file Signature Authorization, which provided for authorization of Chrismer Financial Services to enter or generate PINs for electronic filing. *Id.* at 8.[2] Plaintiff testified she did not meet with an accountant in 2016 regarding the 2015 taxes. (Plaintiff Depo., Doc. 16-14, at 11). Wyse contends he "looked over [the tax packet] real quick," and claims Chrismer putting Plaintiff as his spouse must have been "a misunderstanding or something . . . [He] wouldn't have told him that [they] were married." (Wyse Depo., Doc. 16-5, at 7, 11). Plaintiff alleges the 2015 joint return was fraudulent and contends the resulting tax liability is invalid. (Doc. 1, at 2; Doc. 17-1, at 7).

Following the filing of the 2015 joint tax return, Plaintiff filed individual returns for 2017, 2018, and 2020 through 2023, reporting either single or head-of-household filing status. (Docs. 16-8, 16-9, 16-10, 16-11, 16-12, 16-13). She filed her 2017 and 2018 returns in early 2019, and her 2020 through 2023 returns in early 2024. *Id.* The returns reflected overpayments for those tax years. *Id.* Rather than issue refunds, the IRS applied the overpayments to the outstanding 2015 liability. (Doc. 16-2).

---

1. All deposition citations herein refer to the ECF-generated page numbers rather than the internal deposition pagination.
2. Plaintiff claims she never signed Form 8879 or authorized the joint return. (Doc. 17-1, at 19-20 n.12). The Government acknowledges a completed Form 8879 could not be located but argues the evidence nevertheless establishes Plaintiff authorized the electronic filing. (Doc. 16-1, at 9). The Court need not resolve this dispute because it does not affect the jurisdictional conclusion herein.

Plaintiff alleges that, in 2019, she contacted the IRS by telephone and requested a refund of amounts withheld from her 2017 and 2018 tax returns. (Doc. 1, at 3; Doc. 17-1, at 9, 11). In 2021, she wrote to the IRS stating she previously "wrote [the IRS] in 2019 regarding [her] 2017 and 2018 taxes. They were taken for a tax debt that belonged to Jeremiah D. Wyse." (Doc. 16-7). On March 12, 2024 (the same day Plaintiff filed her 2020 return), the Toledo Tax Controversy Clinic wrote a letter to the IRS stating the 2015 return on file for Plaintiff was not valid. (Doc. 19-1, at 1). The letter states an attached Form 1040 shows no tax liability for 2015 and was submitted "in order to correct the IRS records." *Id.* It further asserts Plaintiff's refunds for tax years 2017 and 2018 were applied to "[an] erroneous 2015 liability." *Id.* The letter requests the IRS move "the refund offsets back to the respective 2017 and 2018 years and then issue [Plaintiff] those refunds as appropriate." *Id.* Plaintiff testified she had no income in 2015, which the Form 1040 also reported. (Plaintiff Depo., Doc. 16-14 at 9; Doc. 19-1 at 2-3). As of March 13, 2026, $4,573.07 remained outstanding on the liability from the 2015 joint return. (Doc. 16-2, at 1).

## Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be either a "facial" or "factual" attack to subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges whether the complaint adequately alleges a basis for jurisdiction, and the Court takes the allegations of the complaint as true. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). By contrast, in a factual attack on subject matter jurisdiction (also known as "speaking motion"), "no presumptive truthfulness applies to the allegations." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When a factual attack raises a factual controversy, the Court must weigh the conflicting evidence to determine whether subject matter jurisdiction

exists. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The Court has "wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. When a defendant factually challenges subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

## Discussion

The Government argues the Court lacks subject matter jurisdiction because the Government has not waived sovereign immunity. (Doc. 16, at 1). Specifically, it contends Plaintiff failed to satisfy two requirements necessary to maintain a federal tax refund suit and establish a waiver of sovereign immunity: (1) fully pay her assessed 2015 tax liability; and (2) duly file a claim for refund under 26 U.S.C. § 7422(a) within the statutory time limits imposed by 26 U.S.C. § 6511(a). *Id.* at 5-7; *Flora v. United States*, 362 U.S. 145, 177 (1960); *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013).

Plaintiff contends the Court has jurisdiction because the full payment rule does not apply in a claim where allegations of fraud challenge the validity of the tax assessment. (Doc. 17, at 1). She further maintains there was no valid self-assessment against her for tax year 2015. (Doc. 17-1, at 12-14). Plaintiff also asserts she duly filed claims for tax refunds via Form 1040 for years 2015, 2017, 2018, 2020, 2021, 2022, and 2023 within the statutory timeframe under 26 U.S.C. § 6511. (Doc. 17, at 1). In support of the refund-claim requirement, Plaintiff relies on the 2019 telephone call, the 2021 letter, and the March 2024 letter from the Toledo Tax Controversy Clinic with her 2015 Form 1040 attached. (Doc. 17-1, at 11–13). The crux of Plaintiff's argument is the Government's challenge to subject-matter jurisdiction depends on treating the 2015 tax assessment against her as valid, a premise she contests. (Doc. 17, at 2).

For the reason set forth below, the Court grants the Government's motion to dismiss for lack of subject matter jurisdiction.

Sovereign Immunity

The United States is immune from suit unless Congress has waived immunity and the scope of the waiver defines the Court's jurisdiction. *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013). Waivers of sovereign immunity are construed narrowly, with reasonable doubts resolved in favor of the Government. *Agility Network Servs., Inc. v. United States*, 848 F.3d 790, 795 (6th Cir. 2017). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Without a valid waiver, the Court lacks subject matter jurisdiction. *See Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021).

Congress has consented to tax-refund suits under 28 U.S.C. § 1346(a)(1). *Stocker*, 705 F.3dat 230. To maintain such an action, however, a taxpayer must satisfy the following requirements: (1) fully pay the assessed tax liability; (2) duly file a claim for refund or credit under 26 U.S.C. § 7422(a); and (3) file that claim within the time limits imposed by 26 U.S.C. § 6511(a). *Flora v. United States*, 362 U.S. 145, 177 (1960) (outlining the full-payment requirement); *Stocker*, 705 F.3d at 230 (outlining the duly filed and timely claim requirements).

The time limits imposed by § 6511(a) require a duly filed refund claim to be filed within three years of filing the return or two years of paying the tax, whichever is later. 26 U.S.C. § 6511(a); *see United States v. Dalm*, 494 U.S. 596, 601-02 (1990) (explaining a refund suit will be barred by § 6511(a)'s time limits regardless of whether the tax was alleged to have been erroneously, illegally, or wrongfully collected).

In the present case, there is no dispute a balance remains owed to the IRS for the Plaintiff and Wyse's 2015 joint tax filing. (Doc. 16-2, at 1). The refunds Plaintiff seeks in this suit arise

from her individual filings for tax years 2017, 2018, 2020, 2021, 2022, and 2023, which the IRS applied to the outstanding balance from the 2015 joint return. *Id.* at 1-3.

Plaintiff argues *Flora*'s full-payment requirement does not apply because the 2015 assessment is invalid against her due to fraud and no valid assessment was ever made against her. (Doc. 17-1, at 14). However, nothing in *Flora* suggests the full-payment requirement does not apply when a taxpayer disputes the validity of an assessment. *See* 362 U.S. at 154. 28 U.S.C. § 1346(a)(1) permits suits against the Government in District Courts to recover "any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." *Flora* interpreted "any internal-revenue tax" to require payment of the full assessment before a refund suit may proceed and rejected the argument "any sum" permits recovery of only part of a tax owed. 362 U.S. at 149-50, 177. The Court also recognized the availability of other avenues for relief, noting a "taxpayer [may] appeal the deficiency to the Tax Court without paying a cent." *Id.* at 175.

Consequently, because the 2015 joint-tax assessment has not been paid in full, Plaintiff has not satisfied the *Flora* full-payment requirements. *See Mitchell v. United States*, 2022 WL 1049304, at *3 (E.D. Mich.) (applying *Flora*'s full-payment requirement where taxpayers alleged their tax preparer filed fraudulent returns in their names). The Court therefore lacks jurisdiction to reach the merits of Plaintiff's argument that she should not be liable for the assessment due to the alleged fraud. *See Gaetano*, 994 F.3d at 509 (declining to reach the merits where the court lacked jurisdiction).

Since Plaintiff has not satisfied the full-payment requirement, the Court need not resolve the parties' additional dispute over whether Plaintiff meets the requirement of having duly filed a timely claim for refund.[3]

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Government's Motion to Dismiss (Doc. 16) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that the Government's Alternative Motion for Summary Judgment (Doc. 16), be and the same hereby is, DENIED AS MOOT.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2026

3. The Government alternatively moves for summary judgment based on equitable estoppel. (Doc. 16-1, at 7-14). Plaintiff opposes, arguing genuine disputes of material fact remain, and equitable estoppel is barred by the doctrine of unclean hands. (Doc. 17-1, at 15-19). Because the Court concludes it lacks subject matter jurisdiction, the Government's alternate summary judgment arguments are moot and need not be resolved.